United States Bankruptcy Court
Eastern District of New York

In re:                                                                    Case No. 17-40407-cec
James E Sutera                                                            Chapter 7
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0207-1          User: admin          Page 1 of 1          Date Rcvd: Jul 06, 2017
                             Form ID: 318DI7       Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2017.
db              James E Sutera,   35 Rice Ave,    Staten Island, NY  10314-2509
smg             NYC Department of Finance,   345 Adams Street,    Office of Legal Affairs,
                Brooklyn, NY  11201-3719
smg             +NYS Unemployment Insurance,   Attn: Insolvency Unit,   Bldg. #12, Room 256,
                Albany, NY 12240-0001
8951331         Carmelo Sberna,   S & L Hylan Properties LLC,    1880 Hylan Blvd,
                Staten Island, NY  10305-2113
8958533         Daimler Trust,   c/o BK Servicing, LLC,    PO Box 131265,   Roseville, MN 55113-0011
8951333         ERC/Enchanced Recovery Corp,    8014 Bayberry Rd,   Jacksonville, FL  32256-7412
8951334         Gregory C. Szabbo,   c/o Coughlin & Gerhart, LLP Gateway Ctr,,    401 E State St Ste 403,
                Ithaca, NY  14850-4490

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Jul 06 2017 18:42:44
                NYS Department of Taxation & Finance,   Bankruptcy Unit,   PO Box 5300,
                Albany, NY 12205-0300
smg             +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Jul 06 2017 18:41:42
                Office of the United States Trustee,   Eastern District of NY (Brooklyn Office),
                U.S. Federal Office Building,   201 Varick Street, Suite 1006,   New York, NY 10014-9449
8951332         EDI: DCI.COM Jul 06 2017 18:38:00     Diversified Consultant,   PO Box 551268,
                Jacksonville, FL  32255-1268
8951335         E-mail/Text: camanagement@mtb.com Jul 06 2017 18:41:41     M & T bank,   1100 Wehrle Dr Fl 2,
                Williamsville, NY  14221-7748
8951336         EDI: DAIMLER.COM Jul 06 2017 18:38:00     Mercedes-Benz Financial,   PO Box 685,
                Roanoke, TX  76262-0685
8951337         +EDI: VERIZONEAST.COM Jul 06 2017 18:38:00     Verizon,   500 Technology Dr Ste 500,
                Weldon Spring, MD 63304-2225
                                                                                     TOTAL: 6

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2017                                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 6, 2017 at the address(es) listed below:
          Alan Nisselson    anisselson@windelsmarx.com,
           theston@windelsmarx.com;ahollander@windelsmarx.com;n159@ecfcbis.com;jryan@windelsmarx.com
          Kevin B Zazzera    on behalf of Debtor James E Sutera kzazz007@yahoo.com
          Martin A Mooney    on behalf of Creditor   M&T BANK ahight@schillerknapp.com,
           ahight@ecf.courtdrive.com
          Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                     TOTAL: 4

Information to identify the case:

| | | |
|---|---|---|
| Debtor 1 | **James E Sutera** | Social Security number or ITIN **xxx–xx–5293** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN  _ _ _ _ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   Eastern District of New York
271–C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

| | |
|---|---|
| Case number:   **1–17–40407–cec** | Chapter:   **7** |

# Order of Discharge of Debtor(s)

**Revised: 12/15**

**IT IS ORDERED:**

A discharge under 11 U.S.C. § 727 is granted to:

James E Sutera

**BY THE COURT:**

Dated: July 6, 2017

s/ Carla E. Craig
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named in the order. This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318DI7          **Chapter 7 Order of Discharge of Debtor(s)**          page 2